IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRIAN BUCKLEY, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02551-SHL-atc |
| ) | |
| WARDEN, FCI POLLOCK, ) | |
| ) | |
|     Respondent. ) | |

**ORDER MODIFYING THE DOCKET, DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner, Brian Buckley, Bureau of Prisons ("BOP") register number 29267-009, who is currently incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI Pollock") (ECF No. 1); the Response in Opposition to Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Answer"), filed by R. Childress, the warden of the prison where Buckley had previously been confined (ECF No. 8); and Buckley's Reply in Favor of Granting the Petition for Habeas Corpus Under 28 U.S.C. § 2241 ("Reply") (ECF No. 11).[1]  For the reasons described below, the Court **DISMISSES** the § 2241 Petition without prejudice for lack of subject-matter jurisdiction.

---

[1] Buckley's current address was obtained from the BOP's Inmate Locator, https://bop.gov/inmateloc/ (searched Nov. 29, 2023).  The Clerk is directed to mail copies of this Order and the judgment to Buckley at that address.  The Clerk is further directed to substitute the Warden of FCI Pollock for Childress as respondent.  Fed. R. Civ. P. 25(d).

I.      **BACKGROUND AND PROCEDURAL HISTORY**

    A.      **Buckley's Criminal Case**

On August 5, 2015, a federal grand jury in the Eastern District of Arkansas returned an eight-count indictment against Buckley and a co-defendant. (*United States v. Buckley*, No. 4:15-cr-00175-DPM-1 (E.D. Ark.), Criminal ("Cr.") ECF No. 3.) Buckley was named in Counts 1 through 7. Pursuant to a written plea agreement, Buckley appeared before United States District Judge D.P. Marshall, Jr. on July 26, 2017, to plead guilty to Count 1 of the indictment, which charged him with conspiring to possess more than fifty grams of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 846. (Cr. ECF Nos. 71, 72.) In the plea agreement, the Parties agreed that Buckley was a career offender. (Cr. ECF No. 72 at 4.) Buckley also waived his right to challenge his conviction and sentence on direct appeal or through a collateral attack. (*Id.* at 2–4.)

Prior to the sentencing hearing, defense counsel objected to Buckley's career offender status on the basis that an Arkansas kidnapping conviction was not a crime of violence within § 4B1.2(a) of the sentencing guidelines. (Cr. ECF No. 89.) On April 3, 2018, Judge Marshall held that "Buckley's conviction qualifies as an enumerated crime of violence." (Cr. ECF No. 93 at 2.) At a hearing on April 19, 2018, Judge Marshall sentenced Buckley to a term of imprisonment of 240 months, or twenty years, to be followed by a five-year period of supervised release. (Cr. ECF No. 95.) Judgment was entered on April 20, 2018. (Cr. ECF No. 96.) On May 30, 2018, the Eighth Circuit Court of Appeals dismissed Buckley's direct appeal as barred by the appeal waiver provision of the plea agreement. (Cr. ECF No. 102.)

    B.      **Buckley's § 2255 Motion**

On August 9, 2018, Buckley filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), in which he

2

argued, *inter alia*, that his Arkansas kidnapping conviction was not properly counted as a career offender predicate. (Cr. ECF No. 110.) Judge Marshall denied the § 2255 Motion on September 18, 2018, noting that he had previously held that "Buckley's Arkansas kidnapping conviction qualifies as an enumerated crime of violence" and "[n]othing in his motion changes that analysis." (Cr. ECF No. 115 at 3.) Judgment was entered on September 18, 2018. (Cr. ECF No. 117.) On February 28, 2019, the Eighth Circuit denied a certificate of appealability. (Cr. ECF No. 123.)

   **C.**  **Buckley's § 2241 Petition**

On August 26, 2021, Buckley filed his *pro se* § 2241 Petition (ECF No. 1), presenting the following issues:

  1.  ARKANSAS KIDNAPPING IS NOT A 'CRIME OF VIOLENCE OR VIOLENT CRIME, BECAUSE §5-11-102 IS OVERBROAD AND INDIVISIBLE'; and

  2.  ARKANSAS KIDNAPPING STATUTE §5-11-102 has an MENS REA OF RECKLESSNESS, AND THEREFORE DOES NOT QUALIFY AS A 'CRIME OF VIOLENCE.'.

(*Id.* at PageID 6–7.) Buckley asks the Court to find that he is not a career offender based on Arkansas's new interpretation of its kidnapping statute. (*Id.* at PageID 8.)

The Court issued an order on September 17, 2021, directing the Warden to respond. (ECF No. 7.) Childress's Answer was filed on September 20, 2021 (ECF No. 8), and Buckley filed his Reply on December 13, 2021, (ECF No. 11).

**II.**  **ANALYSIS**

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal prisoners may obtain habeas corpus relief pursuant to

28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted). In this case, Buckley is attacking his sentence, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Buckley carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In addition, "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's

4

restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).

Buckley cannot satisfy his burden of demonstrating that the § 2255 remedy is inadequate or ineffective. Claim 1, which argues that Arkansas kidnapping convictions are not crimes of violence, was litigated before the sentencing court, on direct appeal, and in Buckley's § 2255 Motion. The claim has been rejected on the merits. Buckley relies on an Eighth Circuit decision that was not previously available to him, *United States v. Coleman*, 918 F.3d 592 (8th Cir. 2019). However, *Coleman* is a statutory interpretation decision, and *Jones* forecloses the possibility of filing a § 2241 habeas petition via § 2255(e). *Jones*, 599 U.S. at 471.

Claim 2 relies on the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817, 1821–22 (2021), in which a plurality of the Supreme Court held that a *mens rea* of recklessness is insufficient to satisfy the "elements" clause of the definition of violent felony in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). *Borden* is also a statutory interpretation decision that cannot serve as a basis for habeas relief under *Jones*. *See, e.g., Hogsett v. Lillard*, 72 F.4th 819, 821–22 (7th Cir. 2023).

"Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). Because the § 2255 remedy is not inadequate or ineffective, the Court lacks subject-matter jurisdiction over the § 2241 Petition. The § 2241 Petition is therefore **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction. Judgment shall be entered for Respondent.

### III.     APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, because Petitioner is not entitled to relief, the Court **CERTIFIES** that any appeal would not be taken in good faith pursuant to Federal Rule of Appellate Procedure 24(a). Leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED**, this 29th day of November, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days.